IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO AMPER ORPIADA,
Appellant,
vs.
HAROLD WICKHAM, WARDEN,
Respondent.

No. 71309

FILED

NOV 01 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Antonio Amper Orpiada argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Orpiada's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Orpiada is serving a sentence pursuant to such a statute for a weapon enhancement related to

---

[1]Having considered Orpiada's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37385

an attempted murder committed on or between July 17, 1997, and June 30, 2007.[2] *See* NRS 193.165 (1995) (providing sentence for weapon enhancement based on sentence for primary offense); NRS 193.330(1)(a)(1) (setting forth sentencing range for attempt to commit a category A felony). Consistent with *Williams*, the credits that Orpiada has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving. The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                        Stiglich

---

[2]The sentences imposed for Orpiada's other felony convictions, which he has not yet begun to serve, similarly involved statutes that required a minimum term of not less than a set number of years but did not expressly mention parole eligibility. *See* NRS 200.471(2)(b) (sentencing range for assault with the use of a deadly weapon); NRS 199.280(1) (1995) (providing that resisting a public officer with use of a dangerous weapon is a category D felony); NRS 193.130(2)(d) (sentencing range for category D felony); NRS 484.348(3) (1997) (substituted in revision with NRS 484D.550) (sentencing range for eluding a peace officer in a manner that endangers or is likely to endanger life or property).

[3]If Orpiada has already expired the sentence or appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. As such, the court cannot grant relief as to the primary sentence for the attempted murder that Orpiada has discharged. It is unclear from the record whether Orpiada has appeared before the parole board on the enhancement sentence he is serving at this time. The district court may consider any evidence in that respect on remand.

cc: Hon. James Todd Russell, District Judge
Antonio Amper Orpiada
Attorney General/Carson City
Carson City Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A